**Jackson Walker, LLP**
Daniel E. Vineyard
California Bar No. 121132
Texas Bar No. 00792046
Courtney T. Carlson
Texas Bar No. 24065004
Federal ID No. 1115579
1401 McKinney Street, Suite 1900
Houston, Texas 77010
Telephone: 713-752-4277
Facsimile: 713-308-4177

Attorneys for Plaintiffs
CHEVRON ENVIRONMENTAL MANAGEMENT COMPANY
and CHEVRON U.S.A. INC.

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHEVRON ENVIRONMENTAL MANAGEMENT COMPANY, a California corporation, and CHEVRON U.S.A. INC., a Pennsylvania corporation,<br><br>     Plaintiffs,<br><br>     vs.<br><br>BKK CORPORATION, BURTCH TRUCKING, INC. D/B/A BURTCH CONSTRUCTION, CONSOLIDATED FIBERGLASS PRODUCTS COMPANY, CROSBY & OVERTON, INC., ENERGY PRODUCTION & SALES CO., ENSIGN UNITED STATES DRILLING (CALIFORNIA) INC., GOLDEN GATE PETROLEUM CO., KERN BACKHOE SERVICE, INC., KERN FRONT SEC.-35 PARTNERS, KVS TRANSPORTATION, INC. D/B/A KERN VACUUM SERVICE, INC., L. W. POTTER, INC., MARATHON OIL COMPANY, MOSAIC GLOBAL HOLDINGS INC., MP VACUUM TRUCK SERVICE, PETROMINERALS CORPORATION, RANCHERS COTTON OIL, SAN JOAQUIN REFINING CO., TEXAS OIL & GAS CORP., TODD PACIFIC SHIPYARDS CORPORATION, VALLEY TREE & CONSTRUCTION, | **COMPLAINT** |

1

AND WESTERN OILFIELD SUPPLY COMPANY

Defendants.

**COMPLAINT**

Chevron Environmental Management Company and Chevron U.S.A. Inc. (collectively, "Chevron"), through the undersigned attorneys, file this complaint and allege as follows:

**NATURE OF THE ACTION**

1.     This is a civil action commenced pursuant to Section 107 of the Comprehensive Environmental Response, Compensation and Liability Act of 1980, as amended ("CERCLA"), 42 U.S.C. § 9607(a), for the recovery of response costs from the named Defendants incurred, and to be incurred, by Chevron in responding to releases or threatened releases of hazardous substances at or from the EPC Eastside Disposal Facility or Farm (the "EPC Site"). The EPC Site is located on Round Mountain Road in Kern County, fifteen (15) miles northeast of Bakersfield, California.  As alleged more fully below, the Defendants are strictly, jointly and severally liable for all past and future response costs associated with the investigation and cleanup being conducted at the EPC Site.

2.     All Defendants have been given the opportunity to settle with Chevron and to pay their fair share of the cleanup and investigatory costs associated with the EPC Site.  Prior to filing this Complaint, Chevron offered Defendants and numerous entities the opportunity to

2

settle, and approximately 395 companies and individuals have accepted Chevron's offer. Defendants are among the parties who have refused or neglected to do so.

3.      By this action, brought pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), Chevron seeks (1) a declaration of joint and several liability against the Defendants for all past and future response costs associated with the EPC Site and (2) a judgment in its favor for all response costs incurred by Chevron at the EPC Site.

**JURISDICTION AND VENUE**

4.      This Court has jurisdiction over the subject matter of this action and the parties hereto, pursuant to Section 113(b) of CERCLA, 42 U.S.C. § 9613(b), and 28 U.S.C. §§ 1331 and 1345.

5.      Venue is proper in this district pursuant to Section 113(b) of CERCLA, 42 U.S.C. § 9613(b), and 28 U.S.C. §§ 1391(b) and (c), because the releases or threatened releases of hazardous substances that give rise to Chevron's claims have occurred in this District.

**THE DEFENDANTS**

6.      Each of the Defendants listed below is a "person" within the meaning of CERCLA Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).  Each of the Defendants listed below, or a predecessor, (1) arranged for disposal or treatment, and/or arranged with a transporter for transport for disposal or treatment, of hazardous substances owned or possessed by each such Defendant at the EPC Site and/or (2) transported hazardous substances to the EPC Site within the meaning of CERCLA Section 107(a), 42 U.S.C. § 9607(a).

7.      Defendant BKK Corporation is incorporated in the State of California and has a principal place of business in California.  Upon information and belief, through various corporate

3

mergers and/or acquisitions, BKK is the owner of or successor in interest to Falcon Disposal Service, Inc.

8.      Defendant Burtch Trucking, Inc. d/b/a Burtch Construction is incorporated in the State of California and has a principal place of business in California.

9.      Defendant Consolidated Fiberglass Products Company a/k/a Conglas is incorporated in the State of California and has a principal place of business in California.

10.     Defendant Crosby & Overton, Inc. is incorporated in the State of California and has a principal place of business in California.

11.     Defendant Energy Production & Sales Co. is incorporated in the State of California and has a principal place of business in California.

12.     Defendant Ensign United States Drilling (California) Inc. is incorporated in the State of California and has a principal place of business in California.  Upon information and belief, Ensign was, at various times, formerly known as Gary Drilling Company and Edward C. Green.

13.     Defendant Golden Gate Petroleum Co. is incorporated in the State of California and has a principal place of business in California.

14.     Defendant Kern Backhoe Service, Inc. is incorporated in the State of California and has a principal place of business in California.

15.     Defendant Kern Front Sec.-35 Partners is a business which has conducted business in the State of California.

16.     Defendant KVS Transportation, Inc. d/b/a Kern Vacuum Service, Inc is incorporated in the State of California and has a principal place of business in California.

4

17.     Upon information and belief, Defendant L.W. Potter, Inc. is the successor by merger to L.W. Potter Company, Inc. and L.W. Potter Trucking Company and is incorporated in the State of California and has a principal place of business in California.

18.     Defendant Marathon Oil Company is incorporated in the State of Ohio and has a principal place of business in Texas.  Upon information and belief, Marathon is also a successor to Husky Oil Company.  Husky Oil Company has conducted business in the State of California.

19.     Defendant Mosaic Global Holdings Inc. ("Mosaic") is a Delaware corporation and is a subsidiary of the Mosaic Company.  Upon information and belief, Mosaic is a successor to Petro Lewis Corporation ("Petro Lewis").  Petro Lewis is incorporated in the State of Colorado and had a principal place of business in Colorado.  Petro Lewis has conducted business in the State of California. Petro Lewis changed its name to FPCO Oil & Gas Co., a Colorado corporation ("FPCO"), on May 1, 1987.  FPCO merged into Freeport-McMoRan Inc. ("FMI"), a Delaware corporation, on May 3, 1990.  Upon information and belief, FMI was then merged out of existence with the surviving entity being IMC Global Inc. ("IMC").  In May 2005, IMC. became a subsidiary of The Mosaic Company, which later changed its name to Mosaic Global Holdings Inc.

20.     Defendant MP Vacuum Truck Service is incorporated in the State of California and has a principal place of business in California.

21.     Defendant Petrominerals Corporation ("Petrominerals") is incorporated in the State of Delaware and has a principal place of business in California.  Upon information and belief, Petrominerals is also a successor in interest to North Kern Front Enterprises ("North Kern") and Century Oil Management, Inc. ("Century Oil").  Upon information and belief, on

5

December 28, 1979, Century Oil Corporation merged its two wholly owned subsidiaries, North Kern and Century Oil, into itself assuming all of their obligations. Upon information and belief, Century Oil Corporation was then merged with Petrominerals on December 31, 1979 with Petrominerals being the surviving corporation.

22.     Defendant Ranchers Cotton Oil is incorporated in the State of California and has a principal place of business in California.

23.     Defendant San Joaquin Refining Co. is incorporated in the State of California and has a principal place of business in California.

24.     Defendant Texas Oil & Gas Corp. is incorporated in the State of Delaware, has a principal place of business in Texas, and has conducted business in the State of California.

25.     Defendant Todd Pacific Shipyards Corporation is a Delaware corporation with a principal place of business in the State of Washington and conducted business in California.

26.     Defendant Valley Tree & Construction is a private company licensed to do business in the State of California and has a principal place of business in California.

27.     Defendant Western Oilfield Supply Company ("WOSCO") is incorporated in the State of Delaware and has a principal place of business in California. Upon information and belief, WOSCO is also a successor in interest to Land & Marine Tank Service, Inc.

## GENERAL ALLEGATIONS

28.     The EPC Site is a landfill located on Round Mountain Road about fifteen (15) miles northeast of Bakersfield in Kern County, California. According to Kern County records, the EPC Site occupies the east half of the northwest quarter, the northeast quarter of the southwest quarter, and Lots 1, 2, and 3 of fractional Section 30, Township 28 South, Range 29

6

East (Mount Diablo Baseline and Meridian) and is included on Assessor's Map No. 93-29 as Parcel 1 in Section 30. A true and correct copy of a map of the EPC Site is attached hereto as Exhibit "A" and is incorporated herein by reference for all purposes.

29.    The EPC Site operated as a waste disposal facility from approximately 1971 to 1985. The EPC Site received millions of gallons of wastes, which were land farmed from 1971-1979 and, thereafter, disposed of in unlined impoundments. The State of California has determined that the EPC Site must be cleaned up, and has issued an Imminent and Substantial Endangerment Determination and Consent Order ("Consent Order") to that effect. A true and correct copy of the Consent Order is attached hereto as Exhibit "B" and is incorporated by reference herein for all purposes. Chevron agreed to take the lead in cleaning up the EPC Site.

30.    The Remedial Action Plan for the EPC Site was approved on February 1, 2008 by the Department of Toxic Substances Control, and calls for the construction of a cap and long term monitoring of the site. The EPC Site's remedial efforts will be substantial and involve construction of a soil cap on nineteen (19) impoundments to prevent infiltration and run-off of precipitation. This will involve the movement of thousands of cubic yards of soil from one part of the EPC Site to another. The remedy also calls for frequent sampling and testing of groundwater, including tests at the EPC Site boundary. Surface emissions monitoring stations outside the proposed cap will be placed prior to the initiation of cap construction. Groundwater and surface water will be monitored indefinitely by permanently installed monitoring wells, while surface emissions will be monitored for at least three years. EPC Site inspections will also be performed during groundwater monitoring activities to check the integrity of the EPC Site security measures, such as fences and warning signs. Annual inspections of the cap for erosion,

7

ponding, and disturbance will be conducted, as well.  Buildings and other structures will likely

need demolishing.

## CLAIM FOR RELIEF FOR RECOVERY OF RESPONSE COSTS

(CERCLA 107 Action Against All Defendants)

31.     The allegations contained in paragraphs 1-30 are re-alleged and incorporated

herein by reference for all purposes.

32.     Section 107(a) of CERCLA, 42 U.S.C. § 9607(a)(3), and (4) provides in pertinent

part that the following persons are subject to CERCLA:

> Notwithstanding any other provision or rule of law, and subject only to the
> defenses set forth in subsection (b) of this section –
>
> (3) any person who by contract, agreement, or otherwise arranged for
> disposal or treatment, or arranged with a transporter for transport for
> disposal or treatment, of hazardous substances owned or possessed by
> such person, by any other party or entity, at any facility or incineration
> vessel owned or operated by another party or entity and containing such
> hazardous substances, and
>
> (4) Any person who accepts or accepted any hazardous substances for
> transport to disposal or treatment facilities, incineration vessels or sites
> selected by such person, from which there is a release, or a threatened
> release which causes the incurrence of response costs, of a hazardous
> substance, shall be liable for—
>
>> (A) all costs of removal or remedial action incurred by the
>> United States Government or a State or an Indian tribe not
>> inconsistent with the national contingency plan;
>>
>> (B) any other necessary costs of response incurred by any
>> other person consistent with the national contingency plan;
>>
>> (C) damages for injury to, destruction of, or loss of natural
>> resources, including the reasonable costs of assessing such
>> injury, destruction, or loss resulting from such a release;
>> and

8

> (D) the costs of any health assessment or health effects
> study carried out under section 9604(i) of this title.

The amounts recoverable in an action under this section shall include interest on the amounts recoverable under subparagraphs (A) through (D). Such interest shall accrue from the later of (i) the date payment of a specified amount is demanded in writing, or (ii) the date of the expenditure concerned. . . .

33.     CERCLA defines "person" to include, *inter alia*, an "individual, firm, [or] corporation. . . ."  42 U.S.C. § 9601(21).  Each of the Defendants listed above falls within the class of persons described in Section 107(a)(3), and (4) of CERCLA, 42 U.S.C. § 9607(a)(3), (4).

34.     The EPC Site is a "facility" within the meaning of Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).  The "disposal" and/or "treatment" of "hazardous substances" (as those terms are defined at 42 U.S.C. § 9601(14), 42 U.S.C. § 9601(29), 42 U.S.C. § 9603(b)(3), and 42 U.S.C. §6903(3), and (34)), occurred at the EPC Site.  There have been releases, within the meaning of Section 101(22) of CERCLA, 42 U.S.C. § 9601(22), or the threat of releases of hazardous substances into the environment at or from the EPC Site.

35.     Chevron has taken "response" actions at the EPC Site, within the meaning of Section 101(25) of CERCLA, 42 U.S.C. § 9601(25), and has incurred costs in connection with taking those "response" actions.  The costs incurred by Chevron in connection with the EPC Site are consistent with the National Contingency Plan, promulgated under Section 105(a) of CERCLA, 42 U.S.C. § 9605(a), and codified at 40 C.F.R. Part 300, *et seq.*  Chevron has and will continue to incur response costs in connection with the EPC Site.

36.     Each Defendant named in this Complaint is jointly and severally liable to Chevron for all response costs incurred, and to be incurred, by Chevron in connection with the EPC Site, including enforcement costs and prejudgment interest on such costs.

## SECOND CLAIM FOR RELIEF

(Declaratory Relief Under CERCLA Against All Defendants)

37.     The allegations in paragraphs 1 through 36 are hereby incorporated as if fully alleged herein.

38.     Pursuant to section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), the Plaintiffs are entitled to a declaratory judgment that all Defendants are jointly and severally liable for any further costs incurred in response to the release or threatened release of hazardous substances at the EPC Site which are consistent with the applicable requirements of the National Contingency Plan.

## THIRD CLAIM FOR RELIEF

(Contribution and/or Indemnity under Health and Safety Code Against All Defendants)

39.     The allegations in paragraphs 1 through 38 are hereby incorporated as if fully alleged herein.

40.     Defendants are liable persons as defined by California Health and Safety Code §25323.5 and are thereby liable in contribution and/or indemnity for response costs pursuant to Health and Safety Code §25363(e).

41.     In the interest of an expeditious cleanup and acting in good faith, Chevron has incurred and will incur costs necessary to respond to the release or threatened release of hazardous substances from the EPC Site consistent with the National Contingency Plan in an amount to be proved at trial, but believed to exceed $17,000,000.  Chevron may incur future costs in response to the release or threatened release of hazardous substances from the EPC Site.

10

COMPLAINT

42.     Defendants are liable to Chevron for contribution and/or indemnity under Health and Safety Code §§ 25325.5 and 25363(e) for some or all amounts that Chevron has incurred and may, in the future, incur as the result of the release or threatened release of hazardous substances from the EPC Site.

<u>**PRAYER FOR RELIEF**</u>

WHEREFORE, Plaintiffs, Chevron Environmental Management Company and Chevron U.S.A. Inc., pray that this Court:

a.      Enter judgment in favor of Chevron and against each Defendant, jointly and severally, for all unreimbursed response costs incurred by Chevron in connection with the EPC Site, and prejudgment interest on those costs;

b.      Enter as to each Defendant a declaratory judgment on liability that will be binding on future actions to recover further response costs incurred by Chevron in connection with the EPC Site; and

c.      Grant Chevron such other and further relief as the Court deems just and proper.

Dated:  August 17, 2011

**Jackson Walker, LLP**
Daniel E. Vineyard
Courtney T. Carlson

By:     _DE Vineyard_
        Daniel E. Vineyard

Attorneys for Plaintiffs
CHEVRON ENVIRONMENTAL
MANAGEMENT COMPANY, on behalf of
CHEVRON U.S.A. INC

11

COMPLAINT